## WILLIAM PENN & CO. v. NORTHERN BLDG. CO. et al.

(Circuit Court, N. D. Iowa, W. D.   October 26, 1905.)

### No. 262.

COUNTIES—CLAIMS AGAINST BY SUBCONTRACTORS—IOWA STATUTE.

Code Iowa, § 3102, giving a subcontractor a claim against any public corporation for which he has furnished labor or materials for use in the construction of any public building or bridge, but providing that such claim shall be made "by filing with the public officer through whom the payment is to be made an itemized sworn statement of the demand," is to be strictly construed, and the filing of the itemized statement required is essential to the establishing of an enforceable claim thereunder against a county.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Counties, § 313.]

In Equity. On demurrer to bill.

Shull & Farnsworth, for complainant.

J. W. Hospers and Milchrist & Scott, for defendant Sioux County.

REED, District Judge. The bill alleges, in substance, that the defendant the Northern Building Company made a written contract with the defendant Sioux county to erect for it a courthouse at Orange City for the use of said county, and that complainant made a contract with said Northern Building Company to furnish certain of the material to be used in the erection of said courthouse, at the agreed value of $22,000, and furnished to said county, at its request, material of the value of $15; that there is due the complainant upon such contract, after allowing all credits, $6,549.56; that it filed with the auditor and treasurer of the defendant county a sworn statement of such claim, a copy of which is annexed to the bill as a part thereof; and judgment is asked for said amount against the defendants. The defendant Sioux county demurs to the bill upon the grounds (1) that complainant has a full and complete remedy at law, and (2) that the bill is without equity. The allegations of the bill are such that if the complainant is entitled to recover, its remedy at law would not be as full, adequate, and complete as in equity, and for this reason the demurrer to the jurisdiction should be overruled.

The complainant's right against the defendant county is based upon section 3102, Code Iowa 1897, which is as follows:

"Sec. 3102. Every mechanic, laborer or other person who, as subcontractor, shall perform labor upon or furnish materials for the construction of any public building, bridge or other improvement not belonging to the state, shall have a claim against the public corporation constructing such building, bridge or improvement for the value of such service and material, not in excess of the contract price to be paid for such building, bridge or improvement, nor shall such corporation be required to pay any such claim before or in any different manner from that provided in the principal contract. Such claim shall be made by filing with the public officer through whom the payment is to be made an itemized sworn statement of the demand, within thirty days after the performance of the last labor or the furnishing of the last material, and such claims shall have priority in the order in which they are filed."

This statute creates no lien upon the building erected for the defendant county, nor upon the funds of the county to be paid therefor, and only gives to the subcontractor a claim or demand against the municipality for the value of the labor or material furnished by him for, and used in, the construction of the building upon his compliance with the statute (Whitehouse v. Security Co., 117 Iowa, 328, 90 N. W. 727); and if the statute is not strictly complied with, no right is acquired against the public corporation (McGillivray Bros. v. Township of Barton, 96 Iowa, 629, 65 N. W. 794). In that case the subcontractor had filed with the proper officer of the school township an itemized statement of his claim, as provided by this statute, which was in fact sworn to, though the jurat of the officer so showing was not attached. In holding such statement without the jurat of the officer not to be a compliance with the statute, the Supreme Court of Iowa said:

"We ground our holding upon the fàct that here by law a remedy is provided for materialmen against certain classes of corporations. It is to be had only upon a full compliance with the requirements of the statute. It is no hardship to insist that claimants for public funds shall comply with statutory provisions enacted for the protection of the public and its officers in the discharge of their duties. We have held that, if such a claim be not filed within the time fixed, the remedy is not available to the claimant. * * * The right to make a claim against such a corporation as the defendant is given by the statute, and the one to be benefited thereby must clearly bring himself within its provisions. * * * The claim, therefore, was not a sworn statement, such as the law requires, and hence it could not be made the basis of a liability against the defendant."

In the present case, the statement filed by the complainant with the officers of the defendant county is as follows:

"Sioux County, Iowa. In account with Wm. Penn & Co. Debtor: To labor performed and material furnished for the construction of the courthouse at Orange City, under contract with the Northern Building Company, $22,000; material furnished at the request of Sioux County, $15—total, $22,015; all of which labor was performed in and upon, and all of which material was furnished for, and used in the erection of, said courthouse. Credit, the dates and items of which are given, reduce the claim to $6,549.56."

In the affidavit of one of the complainants, attached to the statement, it is stated:

"That the contract for said labor and material was made for a certain sum, to wit, $22,015, and that by reason of the entirety of said contract a more definite statement of amounts furnished from time to time cannot be made, as measurements and estimates were not made when material was shipped and delivered."

The complainant must be held to know the requirements of the law under which they as subcontractors make their claim against the defendant county, and they cannot be relieved from a compliance with such requirements because they did not keep proper items of the claim or demand that they seek to enforce against the defendant county under the provisions of that law. The statement filed by them wholly fails to apprise the defendant county of the kind or value of the material which they claim to have furnished for, or of the labor performed in, the construction of the courthouse, and there is no way that the officers of the county can tell from such statement whether or not any of the labor or material for which a claim or demand is made against the county was performed upon, or used in the construction of, said building, or the value of any that may have been so performed or used. The proper officers of the county were entitled to be informed of this, and the plain purpose of the law is that they shall be so informed before the county can be held liable to the subcontractor for any labor or material furnished by him.

Under the statute as construed in McGillivray Bros. v. Township of Barton, supra, it must be held that the statement filed by the complainant as subcontractor with the officers of the defendant county is not sufficient to create a claim or demand in their favor as such against that county.

As to the alleged claim of $15 for labor or material furnished the county at its request, the Northern Building Company would not be

liable to the complainant. This item makes the bill multifarious, and is less than the amount to confer jurisdiction upon the court as to defendant county.

The second ground of the demurrer to the bill should be sustained, and it is so ordered.