THOMPSON & PETERSON v. N. E. STEPHENS, H. R. SLIGH, and G. W. HAYDEN, Appellants.

Action by subcontractors: PUBLIC BUILDING: VENUE. Subcontractors who have furnished labor or materials for the construction of a public building and who have served notice of their claims upon the corporation may sue on the contractor's bond, given to relieve the corporation from liability as to the distribution of money due the contractor, in the county where the building was constructed.

*Appeal from Boone District Court.*— HON. J. R. WHITAKER, Judge.

TUESDAY, JUNE 12, 1906.

ACTION on a bond given by defendant Stephens, who was a contractor for the construction of a poor farm building for Boone county, to pay and discharge all indebtedness that might be incurred by him in carrying out said contract and complete the building free of all claims or obligations. Plaintiff is the holder of claims against Stephens aggregating $108.74, for material furnished in the construction of such building. Defendants applied for change of place of trial to Louisa county, of which county it is claimed each of the defendants was a resident, as shown by affidavit in support of the motion. The application was overruled, and defendants elected to stand on their motion and refused to plead, whereupon judgment was rendered against them by default for the amount claimed. From this judgment the defendants appeal.— *Affirmed.*

*Hale & Hale* and *Harpel & Cederquist,* for appellants.

*Dyer & Hull,* for appellees.

McCLAIN, C. J.— Under Code, section 3102, providing that subcontractors furnishing material for the construction of any public building shall have a claim against any public corporation constructing such building for the value of the services and material rendered and furnished which, due notice having been given, shall have priority in the order in which they are filed, plaintiffs would have had claims against the county payable out of any moneys due the contractor Stephens for the construction of the building; and to secure the payment to such subcontractors of such claims and relieve the county from liability as to the distribution of such moneys the bond in suit was executed by Stephens as principal and the other two defendants as sureties, conditioned that Stephens should complete the building free of all such claims or obligations. His bond was expressly executed to the county for the use and benefit of said county, " and as well to and for any and all persons who become entitled to liens or claims for labor performed or material furnished to carry out the aforesaid contract, and may be sued upon by said county, person or party only."

A subcontractor furnishing material for a public building acquires no lien upon the building or upon the moneys which become due from the county to the contractor. *Whitehouse v. American Surety Co.,* 117 Iowa, 328. But he does have a right to acquire a priority as to the distribution of such fund by following the statutory provision and to this extent his claim and the prior right which he thus acquires as against any other claimant to the money is in the nature of a lien. The bond which the contractor gave to relieve the county from any liability to subcontractors with reference to the payment of the money which would become due to the contractor is analogous to the bond referred to in Code, section 3098, given in lieu of subcontractors liens under the mechanic's lien law, and such a bond is expressly provided for in Code, section 3104.

As to the bond provided for in section 3098 it is specifi-

cally provided that action thereon may be brought in the district court of the county wherein the property is situated and that provision is applicable to suit by " any person having filed a claim for a lien by virtue of this chapter." Now, although section 3102 does not specifically provide for a lien in the strict sense of the term, yet it is a part of the chapter relating to mechanics' liens, and we reach the conclusion that such a bond as that in suit given to relieve the county from liability to subcontractors as to the distribution of the money due to a contractor for the construction of a public building is within the provisions of Code, section 3098, as to the place of bringing suit on such bond. It is true that sections 3102–3104, as originally enacted by chapter 179, of the acts of the Twentieth General Assembly, were not part of the mechanic's lien law, but this act was a substitute for a prior statute (15th General Assembly, chapter 23), by which it was attempted to give subcontractors a qualified lien on public buildings, and the whole subject-matter seems to have been regarded by the Legislature in the adoption of the Code of 1897 as sufficiently germane to the mechanic's lien law to justify incorporation of it into the chapter relating to mechanics' liens. By this incorporation we think that the language of section 3098 which was previously a part of the mechanic's lien law was made applicable to such bonds as the one on which this suit is brought. The construction which we adopt is in the line of public policy and in accordance with the general spirit of the statute, for it would be manifestly oppressive to subcontractors who have relied on such bonds instead of proceeding as they might otherwise have done to establish claims against the moneys due the contractor in the hands of the county, to require them to pursue the contractor and sureties if they are nonresidents of that county, and bring suit against them in some distant part of the state where they may happen to reside.

We think the ruling of the trial court on the motion

for change of place of trial was correct, and the judgment against defendants is therefore *affirmed.*