W. L. CARTER, Appellee, v. COHEN BROS. IRON & METAL Co., Appellants, et al.

MORTGAGES: Nature and Requisites—Absolute Deed—Evidence.
1 Evidence reviewed, and held to support a finding that an absolute deed was intended as a mortgage.

LIMITATION OF ACTIONS: Real Property—Recovery by Means of
2 Redemption. An action to redeem from an absolute deed given as a mortgage is not, in any event, barred until the lapse of ten years *from the maturity of the obligation.*

TRUSTS: Actions—Limitations—Denial of Trust. The statute of
3 limitations does not commence to run against an action to enforce a trust until the trustee has in some manner repudiated the trust.

EQUITY: Laches and Stale Demands—Effect as Between Original
4 Parties. No delay in bringing suit, short of the statutory period, will amount to a defense as between the original parties.

*Appeal from Polk District Court.*—HUBERT UTTERBACK,
Judge.

FRIDAY, NOVEMBER 16, 1917.

ACTION in equity to have a conveyance of real estate
declared a mortgage, and to make redemption therefrom.
Decree for plaintiff for the relief asked in part, and both
parties appeal. The defendants Cohen Bros., being first
to perfect their appeal, will be denominated the appellants.
—*Affirmed.*

*Stewart & Hextell,* for appellants.

*Brammer, Lehmann & Seevers* and *W. B. Brown,* for
appellee.

1. MORTGAGES:
nature and
requisites:
absolute
deed: evi-
dence.

WEAVER, J.—On August 16, 1904, the
plaintiff, Carter, and one Slater owned adja-
cent lots or fractions of lots in East Des
Moines. On that day, they together executed
a conveyance of the property by warranty deed to Cohen
Brothers, for the alleged consideration of $1,800. At the
same time, and as part of the same transaction, the parties
to the conveyance entered into a written contract by which
the Cohens undertook to reconvey the property at the price
of $1,910, which Carter and Slater agreed to pay on August
16, 1905, with interest at six per cent, and to pay all taxes
and special assessments which might be laid on the property.
Time was made of the essence of the contract, with right
in Cohen Brothers to declare a forfeiture in the event de-
fault was made. In October, 1905, appellants served notice
on Carter and Slater of their election to declare a forfeiture.
The contract price was not paid, and on March 26, 1908, the
Cohens conveyed the property to one Grimes, who there-
after conveyed it to the Grimes Realty Company, the con-
sideration for each of these conveyances being substantially

the full market value of the premises. This action was begun on August 4, 1915. The plaintiff alleges that the deed made by him and Slater, and the contract of reconveyance above mentioned, were made and intended simply as security for the payment of a usurious loan to them by the Cohens, and further alleges that the conveyances by the latter to Grimes and by him to the Grimes Realty Company were received by said grantees with notice of plaintiff's rights in the premises. Upon the case thus stated, plaintiff asks that the writing above mentioned be held and decreed to be, in equity, but a mortgage; that appellants be required to make an accounting of rents and profits received; and that, subject to such accounting, he be given the right to redeem the property.

The trial court found from the evidence that the conveyance to the Cohens and the contract to reconvey were in fact intended as mere security for a loan of $1,800; that Grimes and the Grimes Realty Company were grantees in good faith and without notice of the defect in the Cohen title; that the rents and profits received by the appellants were substantially equal to the disbursements made by them for taxes and other charges on the property; and that the purchase price paid by Grimes was sufficient to pay the full amount due from plaintiff and leave a surplus in the Cohens' hands, which, when equalized between plaintiff and Slater, made due the plaintiff from the Cohens $1,328.04, for the recovery of which amount judgment was given the plaintiff.

The foregoing sufficiently states the nature of the issues joined.

I. Speaking first of the case against the subsequent purchasers, it is enough to say that the finding and decree of the trial court are not only well sustained by the evidence, but the record, also, is entirely devoid of any showing

upon which any other conclusion could fairly be reached. This seems not to be seriously denied by counsel for the plaintiff, and we shall not further discuss the subject.

II. Upon the question whether the transaction between the parties to the appeal was a bona fide and absolute conveyance, and not a mortgage, there is, of course, a sharp conflict. The two Cohens testify, with much emphasis and particularity, that the deed was intended only as an absolute conveyance. In this they are corroborated by Slater, who has become very hostile to the plaintiff; and he says there was never any intention on their part to perform the contract of purchase, and that he and plaintiff entered into it on the theory that they could make use of it to "land some of the Jews." It is argued by counsel for appellants that the latter intended by the contract no more than to give plaintiff and Slater an option to repurchase the property, and that appellants had no intention to hold them to any liability as debtors in case they failed to pay the purchase price. Unfortunately, however, the contract reveals not only the express undertaking of plaintiff and Slater to pay, the agreed price, but it also provides that, in case of default and failure to deliver possession (which was at all times in the Cohens, either as tenants or as holders of the legal title), they should have the right to proceed at once to collect the entire price in an action at law, or by foreclosure proceedings in equity. It is further shown without dispute that, since that date, both of the Cohens were called to give testimony in another case in which Slater was particularly interested, and, inquiry being made into this transaction with plaintiff and Slater, both appellants testified that it was simply a loan. L. H. Cohen said:

"It seems that we made him a loan at that time and he put up a contract and a deed as security for that loan. He put up a deed as collateral and we gave him a contract back,

and if they didn't pay the money when due, they should forfeit the deed, and if they did pay it, they had to give the deed back. * * * He had a year or more to pay it in. The contract was in writing. He never paid the money back, and we simply forfeited the contract."

Sam Cohen, on the same hearing, said:

"We loaned him (Slater) $1,800. I know we held a mortgage for our loan and we never foreclosed the mortgage."

When confronted with this testimony on the trial in the present case, each of the Cohens excused the very important discrepancy by saying that, on the other trial to which their attention was called, they had forgotten the particulars of the transaction, but they had since recalled the truth of the matter as having none of the elements of a loan in it. The record as a whole gives rise to very substantial doubt of the claim of appellants based upon the deed, and, on the other hand, we think the preponderance of credible evidence is with the plaintiff. It may be that the plaintiff is as bad and unreliable as counsel insinuate, but we find nothing in the testimony calling for that conclusion. Indeed, it is difficult to read the entire record without recognition of the wisdom of an old and familiar maxim, which, reduced to polite and parliamentary terms, is to the effect that he upon whom the obligation of veracity rests lightly should have a long and accurate memory. The witnesses, as we understand it, were before the trial court, and upon the matter of their credibility the conclusion of that court is entitled to much consideration upon appeal. We are not disposed to disturb its findings in that respect.

III. The appellants plead the statute of limitations, and argue in this court that, as the action to redeem was not begun until more than ten years had passed from the date of the deed, it is now barred. The ob-

2. LIMITATION OF ACTIONS: real property: recovery by means of redemption.

jection is not well made. The debt to the Cohens was not due until August 16, 1905, and no attempt was made to declare a forfeiture until October 12, 1905. In no event would the action to redeem accrue until the debt had matured, and this action was begun within the ten-year period from that date. Moreover, if the transaction was a mortgage or mere plan for securing the payment of a debt, the Cohens held the title in trust for that purpose, and, until they denied the trust by declaring a forfeiture or by other act indicating a repudiation of the trust, we think the statute would not begin to run.

3. TRUSTS: actions: limitations: denial of trial.

Nor is the plea of laches of any avail. As between the parties to the agreement, no delay in bringing the suit, short of the period fixed by the statute of limitations, will amount to a defense.

4. EQUITY: laches and stale demands: effect as between original parties.

IV. On plaintiff's appeal we find nothing calling for our interference. It is argued that usury was shown, and that this should serve to increase the plaintiff's recovery. The evidence on this issue is not very clear, and the trial court seems not to have found the plea sufficiently sustained, and we concur in that opinion. Some point is also made upon other items which are thought to increase the plaintiff's credit in the accounting, but none are of sufficient merit or sufficiently proved to call for a reversal or modification of the decree.

The decree of the trial court is, on both appeals,—Affirmed. ·

GAYNOR, C. J., PRESTON and STEVENS, JJ., concur.