McKEY-FANSHER COMPANY, Plaintiff, v. CORDELIA ROWEN et al., Defendants.

WENDELL MERRILL, Appellee, v. CORDELIA ROWEN, Appellant.

No. 46120.

OCTOBER 27, 1942.

David, Jones & David, of Oskaloosa, for appellant.

Palmer & Spencer, of Oskaloosa, for appellee.

Lake M. Crookham, of Oskaloosa, for McKey-Fansher Company.

HALE, J.— This action was originally a suit on an account and on assignment of account from Donnelly Brothers to McKey-Fansher Company, a corporation. The plaintiff, McKey-Fansher Company, claimed judgment against the defendants, Cordelia Rowen and Wendell Merrill, on an open account. Wendell Merrill filed a cross-petition against Cordelia Rowen, as purchaser of his beauty shop and barber business, to require her to perform her alleged oral agreement to assume outstanding obligations, and moved to transfer the cross-petition to equity.

Thereafter, Cordelia Rowen filed an answer to the cross-petition of Wendell Merrill, admitting the purchase of the barber shop and beauty parlor and denying the remainder of the allegations. Judgment was rendered in favor of the plaintiff, McKey-Fansher Company, against Wendell Merrill, and the petition of said plaintiff against Cordelia Rowen was dismissed by it. The court sustained the motion of Wendell Merrill to transfer to equity the issues raised by his cross-petition and the answer of Cordelia Rowen. Trial on said cross-petition and answer was had in equity, and decree in favor of cross-petitioner was entered February 6, 1942, finding that Cordelia Rowen had assumed and agreed to pay the outstanding debts of the business she had purchased, entering judgment, and granting other equitable relief. Cordelia Rowen, defendant in cross-petition, and Wendell Merrill, plaintiff therein, are sister and brother. Merrill was the owner of a barber shop and beauty parlor in Oskaloosa. Having received the proceeds of the life insurance policy on her deceased husband, Cordelia Rowen entered into negotiations with the plaintiff in cross-petition, and after some discussion the price agreed upon was $3,500, which she paid by check, and assumed possession. The check was marked "In Full." Cross-petitioner, Wendell Merrill, prior to this transaction had had certain work and improvements done on the shop, which were not paid for at the time of the transaction. It is undisputed by either party that there were about $49 or $50 worth of accounts due from customers, which were included in the transfer, and that they were to apply on current bills for supplies. Defendant in cross-petition insists that nothing was said about the bill for remodeling the shop, but the contrary is testified to by cross-petitioner. Cross-petitioner insists in his evidence that the arrangement at the time of the sale was that everything was paid up to August 1st, but from then on she would have to take care of the bills. Defendant in cross-petition, however, insists that the $3,500 paid was all that it was to cost her, and that there was nothing said about the unpaid bills for remodeling and that she bought the property clear. There was a clear contradiction in the evidence; but there was testimony that after the transaction, and she had learned of the amount of the bills,

Cordelia Rowen came to the house of her brother and told him she had changed her mind. But she denied that she said in the presence of Frances Merrill, cross-petitioner's wife, that she knew she would have to pay the bills but did not know the amount. The case was submitted to the court, who determined the question of accounts and held in favor of the cross-petitioner. The transaction in regard to the purchase of the property took place on September 3, 1940, and there was testimony offered in support of contentions of both parties, but the substance of the disagreement in their claims is outlined above.

I. The defendant in cross-petition, appellant herein, insists that the court erred in transferring this cause to the equity side of the docket, on the theory that no equitable issues were involved and none presented in the cross-petition, that none of the relief asked is cognizable in equity, and the action should have been brought in law on account.

When one party to a contract, as in this case the contract of sale of the business, assumes an indebtedness owing to a third person by the seller, the other party, the one who assumes the indebtedness, becomes the principal and the former debtor a surety. This is a rule that has long been established. As stated in 50 C. J. 26, section 34:

"A common instance of involuntary suretyship, at least as between the principal and surety themselves, occurs where one party to a contract, as a part of the agreement, assumes an indebtedness owing by the other to a third person, the one assuming the indebtedness becoming the principal, and the former debtor a surety."

The text is supported by citations from many states, including Malanaphy v. Fuller & Johnson Mfg. Co., 125 Iowa 719, 723, 101 N. W. 640, 641, 106 Am. St. Rep. 332. In that case there was an assumption of indebtedness, and the court says:

"Turning our attention to the principal parties to the contract, it is quite clear that as between them the promisor became primarily liable for the debt. It assumed the relation of a principal, and, as to it, the obligation of the promisee became that of a surety only." Citing various cases.

This seems to be the universal rule and the foregoing case has been several times cited in later decisions, one of the last being First Trust JSL Bk. v. Thomas, 223 Iowa 1018, 274 N. W. 11, 275 N. W. 392, and cases cited therein. We think there can be no question of the parties having by their contract assumed the relationship of principal and surety.

II. Being thus in such relation, then the proper relief to be sought by the appellee herein would be an action in equity to compel payment. That this is the correct procedure has been many times held. Referring again to 50 C. J. 244, section 396, the text states:

"After maturity, however, although he [the surety] has not been troubled by the creditor, he has the right, before payment, to go into a court of equity, at any time, to compel payment of the debt by the principal, * * *. The doctrine in such cases rests upon the simple right, as between the principal and surety, that the surety has to be protected by the principal. It is not essential that the claim of the surety for relief should depend upon the fact that he will incur irreparable injury; nor must he show any fraudulent disposition of property or special reason for fearing loss."

The text is supported by many authorities and there seems to be no authority to the contrary. This rule has been held in Iowa in the case of Des Moines Bridge and Iron Works v. Plane, 163 Iowa 18, 143 N. W. 866, and a more recent case, Leach v. Bassman, 208 Iowa 1374, 1376, 227 N. W. 339, 340, citing numerous cases. In this latter case the court says:

"The right of set-off, if any exists in this case, is equitable, and not legal. Ordinarily at least, an action in equity will not lie in favor of the surety prior to the maturity of the obligation which he has assumed. It is the prevailing doctrine, however, that a surety, after the debt for which he has become liable has become due, may, without paying the same, by an action in equity, compel the debtor to exonerate him from liability for its payment, unless some right of the creditor's will be prejudiced thereby." Citing cases.

See, also, Johnston v. Grimm, 209 Iowa 1050, 229 N. W. 716.

We think it is without question the rule in Iowa that the relation of principal and surety existed here and that the action to compel payment by the surety was properly brought in equity, and such was the finding of the trial court, who said:

"There seems to be no doubt that a court of equity has jurisdiction of the issues involved in this case, and in fact, and in argument it is conceded by both parties that this is a case of equitable jurisdiction."

Appellant cites various cases, none of which we think negative the ruling hereinbefore announced. They are either cases involving an erroneous transfer from law to equity, or holding that there is no waiver by going to trial in equity where there has been an erroneous transfer.

III. Appellant claims error in granting the plaintiff, McKey-Fansher Company, any relief in this action, for the reason that it had dismissed its cause of action. We have carefully examined the decree and we find that no such relief was granted. McKey-Fansher Company had, prior to the trial of this cause, taken judgment against the appellee herein, and as plaintiff in the original suit had a right, under the provisions of section 11562, Code of 1939, to dismiss its action against the appellant, which would be without prejudice to a future action, but it has not sought in this proceeding to take any judgment against her, nor is any relief asked for it nor any granted by the decree. This action, though growing out of the original action of McKey-Fansher Company v. Rowen and Merrill, is only an action between the appellant and appellee herein.

And the same facts would apply to the third claim of error, in which the appellant claims that the court erred in granting McKey-Fansher Company any relief, for the reason that they offered no proof. The only provision of the decree as to judgment is in favor of Wendell Merrill and against the appellant, Cordelia Rowen.

IV. Appellant, for final claim of error, insists that the greater weight of the testimony was in favor of Cordelia Rowen, appellant, and that the court erred in its final finding for the appellee. We have briefly summarized the evidence in relation

to the transaction and we find there was a clear contradiction. The district court saw and heard the witnesses and in such a case we are inclined to accord weight to the findings in relation to the testimony.

We have often held that the conclusion of the trial court upon the credibility of the witnesses is entitled to much consideration.. Among many cases holding to that effect are cases cited by appellee, Carter v. Cohen Bros. I. & M. Co., 181 Iowa 588, 164 N. W. 1040; Taggart v. Burgin, 185 Iowa 937, 171 N. W. 113; Berry v. Kritenbrink, 185 Iowa 1121, 171 N. W. 582; and among our more recent cases is Panama Sav. Bk. v. Arkfeld, 228 Iowa 313, 291 N. W. 182, and cases cited therein.

In the appellant's reply brief some matters are urged as to specific performance of the oral contract, but we think what we have heretofore said is sufficient to cover all grounds raised in regard to the form of the proceedings and the nature of the claim.

We are not bound, of course, in an action triable de novo to follow the finding of the district court, but from an examination of the evidence we are inclined to agree with the trial court. We therefore hold that the decision of the trial court is correct and that the case should be affirmed.—Affirmed.

All JUSTICES concur.