CITIES SERVICE OIL COMPANY, Appellee, v. GUY LONGERBONE et al., Appellees; CONTINENTAL CASUALTY COMPANY, Appellant; CONCRETE PRODUCTS CORPORATION, Intervener, Appellee (and one other case).

Nos. 46092
46093.

NOVEMBER 24, 1942.

Bradshaw, Fowler, Proctor & Fairgrave, of Des Moines, for appellant.

Franklin Jaqua, of Humboldt, and John H. Mitchell, of Fort Dodge, for appellee, Concrete Products Corporation.

MILLER, J.—This is a consolidation of two cases brought in equity pursuant to the provisions of chapter 452, Code, 1939, to recover upon the bonds of Guy Longerbone, on which the Continental Casualty Company was surety, given pursuant to said chapter in connection with two contracts with the State Highway Commission for public improvements. In one case the petition was filed by the Cities Service Oil Company as plaintiff, against Guy Longerbone, doing business as the Iowa

Construction Company, the State Highway Commission, and Continental Casualty Company, and asserted that Longerbone's contract was made June 3, 1940; the bond was filed June 4, 1940, in the sum of $9,865.88, and was approved June 11, 1940; the improvement was completed and accepted November 30, 1940. The petition was filed January 13, 1941, and answer of the highway commission was filed January 16, 1941. By amendment, January 31, 1941, the highway commission asserted that the balance of the contract price in its hands was $2,724.44, against which should be charged penalties for delay in completion amounting to $420, making the net balance due the contractor $2,304.44, which sum it offered to pay into court.

In the other case, the plaintiff and defendants were the same parties. The petition asserted that the contract with the highway commission was made June 3, 1940, the bond for $3,971.54 was filed June 4, 1940, and approved June 11, 1940; the work was completed and accepted November 19, 1940. This petition was filed on January 13, 1941, and the highway commission filed answer January 16, 1941, stating that the balance of the contract price in its hands was $544.35, against which were penalties for delay amounting to $15, making the net balance due the contractor $429.35, which sum it offered to pay into court.

On June 20, 1941, the Concrete Products Corporation made application in each case for leave to intervene and file its claim pursuant to the provisions of section 10309 of the Code, 1939. On that day the court entered an order in each case granting leave to file claim, and forthwith a petition of intervention was filed in each case, claiming $1,166.72 in one case and $330.30 in the other.

The Continental Casualty Company filed answer to each petition of intervention, admitting the execution of the contracts and bonds, the completion and acceptance of the work, the timely filing of the claims by Cities Service Oil Company, and the commencement of the actions, but asserting that Concrete Products Corporation failed to file any claim with the State Highway Commission, and, because of such failure, it was not entitled to share in any sum retained by the highway commission, or recover on the bond.

The two cases were consolidated and were tried on a stipulation of facts. It was agreed that the contracts were executed and the bonds filed as stated in the petitions; in the first case, eight claims were filed within 30 days of the completion and acceptance of the work, and in the other, two claims were filed within said 30-day period; each action was commenced within 60 days following the completion and acceptance of the work; Concrete Products Corporation filed no claim with the highway commission but furnished materials on each job; as to the first one, the fair and reasonable value thereof was $1,166.72, and, as to the other, $330; in the first case, the eight claims, totaling $5,286.69, have been paid by Continental Casualty Company and assigned to it; in the other case, the claim of Cities Service Oil Company, amounting to $1,040.32, has been paid by Continental Casualty Company and assigned to it; as to the first case, the highway commission retains $2,724.44 of the contract price subject to penalties of $420, and as to the second, it retains $544.35 subject to penalties of $15; in each instance the sum retained exceeds 10 per cent of the contract price. The court found for claimant, Concrete Products Corporation, in each case and entered decree accordingly. Continental Casualty Company has appealed and the causes have been consolidated in this court.

The question presented for our decision is clearly drawn. Does the failure of Concrete Products Corporation to file a claim with the highway commission within 30 days following the completion and acceptance of the work, in each instance, defeat its right to recover upon the bond of the contractor in each case? The trial court answered in the negative. We agree.

The proceedings herein are somewhat analogous to those for the enforcement of a mechanic's lien. However, since the improvement is owned by the public, no lien attaches thereto. Des Moines Bridge & Iron Works v. Plane, 163 Iowa 18, 22, 143 N. W. 866; Maryland Cas. Co. v. Des Moines City Evangelization Union, 184 Iowa 246, 255, 167 N. W. 695. Originally, those furnishing labor and material for a public improvement were forced to look solely to the contract and bond for protection; if none was expressly afforded thereby, the bond inured solely

to the protection of the public body. Carr & Baal Co. v. Consolidated Ind. Dist., 187 Iowa 930, 937, 174 N. W. 780. By chapter 347, section 1, Acts of the Thirty-eighth General Assembly, it was enacted that those contracting for a public improvement, to cost more than $1,000, should require a bond of the contractor, "which bond shall run * * * for the use and benefit of all persons, firms and corporations who shall perform any labor or furnish any material, * * *." The penalty for the bond was specifically prescribed, and the act further provided that its requirements "shall not be modified or annulled by contrary provisions in any such bond or contract." Accordingly, a bond given subsequent to such legislation was interpreted as inuring to the protection of those furnishing labor or material for a public improvement, even though the bond, by its express terms, inured only to the benefit of the public body. Philip Carey Co. v. Maryland Cas. Co., 201 Iowa 1063, 206 N. W. 808, 47 A. L. R. 495. However, the statute also required anyone enforcing liability against the bond to file an itemized, verified claim within four months after the date of the last item of labor or material, and failure to so file a claim was fatal to a right of recovery. Francesconi v. Independent Sch. Dist., 204 Iowa 307, 312, 313, 214 N. W. 882; Queal Lbr. Co. v. Anderson, 211 Iowa 210, 229 N. W. 707.

The statute has been since codified and amended. See chapter 452, Code, 1939. Section 10301 provides that the requirement for a bond "shall not be limited or avoided by contract." Section 10304 prescribes provisions in the bond for the protection of those furnishing labor or materials. Section 10305 provides for the filing of claims for labor or material. Section 10308 provides that claims may be filed with the public officers:

"1. At any time before the expiration of thirty days immediately following the completion and final acceptance of the improvement.

"2. At any time after said thirty-day period, if the public corporation has not paid the full contract price as herein authorized, and no action is pending to adjudicate rights in and to the unpaid portion of the contract price."

Section 10309 provides:

"The court may permit claims to be filed with it during the pendency of the action hereinafter authorized, if it be made to appear that such belated filing will not materially delay the action."

Section 10310 provides for a retention of 10 per cent of the contract price. Section 10312 provides that said 10 per cent shall be retained for 30 days after completion and acceptance of the work, and, if claims are filed before the expiration of such 30-day period, the public officials shall continue to retain a sum "not less than double the total amount of all claims on file." Section 10313 provides for an action to adjudicate rights to the fund and liability on the bond "at any time after the expiration of thirty days, and not later than sixty days, following the completion and final acceptance of said improvement."

Under the statute as it now reads, if a claim is not filed within 30 days following completion and final acceptance of the improvement, and the action is not commenced within 60 days following such date, there can be no recovery by such claimant except as to funds then retained by the public body from the contractor's agreed compensation. Perkins B. S. & F. Co. v. Independent Sch. Dist., 206 Iowa 1144, 221 N. W. 793.

Under the record herein, a statutory bond was given, the retained percentage was withheld, and, in each case, claims were duly filed within 30 days and an action was commenced within 60 days following completion and final acceptance of the improvement. The Concrete Products Corporation furnished material on each job, sought and secured from the court, during the pendency of each action, leave to file its claim with the court, and did file a claim in each action with the court but filed no claim with the highway commission. Appellant's contention is: "Unless a claimant files his claim with the Highway Commission within thirty days after final completion and acceptance of the improvement, he cannot recover the amount thereof against the surety on the contractor's bond." There is no merit in the contention.

The basis for appellant's argument is that the penalty of

the bond, as prescribed by section 10304, provides that "the principal and sureties shall not be liable * * * unless the claims * * * against said portion of the contract price shall have been established as provided by law" and that a claim cannot be thus "established" unless filed within 30 days after completion and final acceptance of the improvement. Reliance is had upon our decision in the case of Southern Sur. Co. v. Jenner Bros., 212 Iowa 1027, 1035, 1036, 237 N. W. 500, 504, wherein claims were not filed within the 30-day period but were filed with the court and we state:

"While it is true that appellees' claims were thus filed with the district court, with its consent, yet such filing was not within the thirty-day period contemplated by the first division of section 10308, previously mentioned. Nevertheless, appellees seek to establish their claims through the second paragraph of section 10308, above quoted. This paragraph, it will be recalled, permits a filing under certain circumstances after 'the thirty-day period'. Unquestionably such filing, after the thirty-day period, will be sufficient to establish appellees' claim against the funds retained from the contractor's agreed consideration, but will such belated filing, even with the district court, entitle appellees to establish their claim against the appellant, a surety on the contractor's bond? Clearly not. As previously stated, the surety is liable under the statutory contract set forth in section 10304 of the Code for such amount of the claims 'not satisfied out of the portion of the contract price which the public corporation is required to retain until completion of the public improvement'. Said portion to be thus retained is ten per cent. See Section 10310 of the 1927 Code. Section 10304, however, as has already been suggested, contains the following exception:

" 'But the * * * sureties shall not be liable to said persons, firms, or corporations (claimants) unless the claims of said claimants against said portion of the contract price shall have been established as provided by law.'

"What portion of the contract price? Manifestly the ten per cent named in the preceding clause of that paragraph of the section. Under section 10312 of the 1927 Code, said ten per

cent shall be retained 'by the public corporation for a period of thirty days after the completion and final acceptance of the improvement. If at the end of said thirty-day period claims are on file as herein provided the public corporation shall continue to retain from said unpaid funds a sum not less than double the total amount of all claims on file.' When, however, no claims were filed, as required by 10305, supra, within the thirty-day period, then such ten per cent need no longer be retained. Perkins Builders Supply & Fuel Company v. Independent School District, 206 Iowa 1144.

"So, under the statute, the so-called ten per cent portion of the contract price no longer exists, as such, if claims are not filed within the thirty-day period. Appellees' rights in the premises are determined by the statute. Likewise, the obligation being a statutory bond, appellant's liabilities also are fixed and controlled by statute. In fact, the statutory language only is expressly and in terms written into the obligatory provision of the bond executed by appellant. See case last above cited. That being true, appellees did not secure for themselves the ten per cent portion of the contract price because they failed to file their claims with the state auditor within the thirty-day period. After that period elapsed and no claims were filed by appellees, the ten per cent portion of the contract price, referred to in the statute, lost its identity, as such, and became mingled with general portions of that contract price without statutory identity. Perkins Builders Supply & Fuel Company v. Independent School District (206 Iowa 1144), supra.

"Because appellees failed to properly and timely file their claims, the ten per cent designated in the statute, lost its status as such and became merely a general balance due the contractor. Such is true, regardless of section 10309 permitting claims to be filed under certain circumstances with the district court. Permission to file claims with the district court does not change the time of filing provided in section 10308 of the Code. Consequently, under the facts and circumstances here presented, when appellees filed their claims with the district court there was not then in existence the ten per cent statutory retained balance. Without fixing their statutory rights to such ten per

cent retained balance, appellees cannot insist upon the surety's liability."

The argument of counsel appears to be that a claim must be filed within the statutory 30 days as a condition precedent to being established against the retained percentage, and such establishment is in turn a condition precedent to liability on the bond, as fixed by section 10319, as follows:

"If, after the said retained percentage has been applied to the payment of duly filed and established claims, there remain any such claims unpaid in whole or in part, judgment shall be entered for the amount thereof against the principal and sureties on the bond."

The contention is that, for appellee's demand to be held to be "such claim," it had to be established against the retained percentage and this could not be accomplished because of failure to file the claim with the highway commission within the 30-day period.

The trial court distinguished the language of this court in Southern Sur. Co. v. Jenner Bros., supra, on the ground that in that case there were no claims filed within the 30-day period and that that was the basis for our holding that the statutory retained percentage ceased to exist. We are disposed to agree with such interpretation.

When claims were filed herein within the 30-day period, the highway commission was required to retain "not less than double the total amount of all claims on file." [Section 10312, Code, 1939.] To that extent there was clearly a statutory retained percentage. If, before these actions were brought, further claims had been filed after such 30-day period, they would be timely under paragraph 2 of section 10308. After the action was brought, claims could not be filed under paragraph 2 of section 10308, but could be filed, with leave of court, under section 10309.

█ We agree with the trial court that the funds retained by the highway commission constituted statutory retained percentages herein, which, subject to the priorities fixed by section 10315, were available for the payment of claims filed with

the court pursuant to section 10309, and, if such funds were insufficient, recovery might be had upon the bond. The action herein was timely. The provisions of section 10309 were complied with. The merits of the claims are conceded. The claims were "established as provided by law," within the contemplation of section 10304. The court was right in so holding.

There is one other complaint of appellant. This one has merit. In the preliminary recitals of the decree it was stated "that the claim of the Intervenor, is entitled to be established against the retained percentage held by the Defendant, Iowa State Highway Commission," but the decretal portion did not establish the claim against such fund nor provide for the disposition of such fund, in either case. This, of course, should have been done.

The decrees are modified in the particulars set forth in the preceding paragraph herein. In all other particulars they are affirmed. The causes are remanded for the entry of supplemental decrees accordingly.—Modified, affirmed, and remanded.

All JUSTICES concur.