PERKINS BUILDERS SUPPLY & FUEL COMPANY, Appellant, v. INDEPENDENT SCHOOL DISTRICT OF DES MOINES et al., Appellees.

RELIANCE BRICK COMPANY, Appellant, v. INDEPENDENT SCHOOL DISTRICT OF DES MOINES et al., Appellees.

November 13, 1928.

*Carr, Cox, Evans & Riley,* for appellants.

*Charles S. Hutchinson,* for Independent School District of Des Moines, appellee.

*Parrish, Cohen, Guthrie, Watters & Halloran,* for Southern Surety Company, appellee.

WAGNER, J.—On June 20, 1924, the Independent School District of Des Moines entered into a contract with a contractor, James Maine's Son Company, by the terms of which the contractor was to provide all the material and perform all the work for the erection and completion of an addition to a school building in the city of Des Moines. At the same time, the contractor, with the Southern Surety Company as surety, executed unto the school district the required statutory bond, conditioned as provided by law. The Reliance Brick Company furnished

material, which was used in the construction of the building, and there is due said company from the contractor, for said material, the sum of $1,983.07. The last item of material furnished by said company bears date of November 4, 1924. Said company filed its claim with the proper officer of the school district on July 22, 1925. Perkins Builders Supply & Fuel Company furnished material which was used in the construction of the building, and there is due said company from the contractor, for said material, the sum of $904.80. The last item of material furnished by said company bears date January 13, 1925. Said company filed its claim with the proper officer of the school district on August 12, 1925. Said subcontractors began their actions in equity on June 24, 1926, and in their petitions seek recovery, as against the school district and the surety company, for the amount due on their claims, and ask that the same may be established as a charge upon and against any balance of funds due from the school district to the contractor. Both the school district and the surety company, by their answers, raise the issue that the claims of the subcontractors are barred on account of their failure to comply with the statutes, both as to the filing of their claims and the institution of suits within the time prescribed by the statutory law. The trial court dismissed the petitions of said subcontractors as against the school district and the Southern Surety Company. From this action of the trial court said subcontractors appeal.

It is shown by the record that the school district actually took possession of the building in January, 1925. The record also conclusively establishes the fact that the building was completed and accepted by the school district on or before the 3d day of March, 1925. The final estimate of the amount due from the district was submitted to the board of directors, together with the report of the official architects, Horton Smith, inspector for the architects, Merrill, assistant superintendent of schools, and Spry, the superintendent of the buildings and grounds, that the building had been completed in accordance with the plans and specifications, and that the contractor is entitled to the amount shown by said final estimate. For some reason, not shown by the record, the school district for years has customarily held back the sum of $1.00 in making payment of final estimates on similar projects. It appears that, at a meeting of the

board of directors, on March 3, 1925, said board resolved itself into a committee of the whole, and the minutes as to said matter give the following information:

"Mr. ——————— stated: 'This is the final estimate on the general contract for the Greenwood School Addition, and provides a final payment of the balance on contract of $7,310.30. The work has been inspected and approved by the architects, Mr. W. R. Spry, and Mr. A. W. Merrill. It is recommended that all these final estimates be paid, minus the customary reduction of $1.00.'"

Immediately after the rising of the committee of the whole, the board adopted and approved the report of the committee, and on the following day, the contractor signed a receipt for the amount of the final estimate, of $7,310.30; but, as a matter of fact, the school district's warrant which was received by the contractor was $1.00 less than the final estimate, and $1.00 less than the amount designated in the receipt.

It is true, as stated by the appellants in their argument, that there is no formal resolution by the board which in terms shows the completion and final acceptance of the improvement, but said facts can be otherwise shown. Under the facts, as disclosed by the record, there can be no doubt that the building was completed and accepted by the board at the time of the authorizing of the aforesaid final payment.

It is the contention of the appellants that, since the last item of their respective accounts bore date subsequent to October 27, 1924, the date of the taking effect of Chapter 452 of the Code of 1924, the matters in dispute are to be determined by the statutory law set out in said chapter. It is the contention of the appellees that the rights of the parties hereto must be determined by the prior statute, Chapter 347 of the Laws of the Thirty-eighth General Assembly, which was in force and effect at the time of the execution of the contract between the school district and the contractor, and at the time of the execution of the aforesaid statutory bond. It is the further contention of the appellees that, although they may be wrong in the aforesaid contention, yet the appellants cannot prevail under Chapter 452 of the Code.

We find it unnecessary to make a pronouncement as to whether the rights in controversy are to be determined by Chapter 347 of the Laws of the Thirty-eighth General Assembly or by Chapter 452 of the Code of 1924; for, if said rights are to be determined by Chapter 347 of the Laws of the Thirty-eighth General Assembly, it is conclusive that the appellants cannot prevail (see *Zeidler Concrete Pipe Co. v. Ryan & Fuller*, 205 Iowa 37); and if said rights are to be determined under Chapter 452 of the Code of 1924, for reasons hereinafter given, the appellants are in no better position. The appellants rely upon Section 10308 of the Code, which provides:

"Claims may be filed with said officer as follows: (1) At any time before the expiration of thirty days immediately following the completion and final acceptance of the improvement. (2) At any time after said thirty-day period, if the public corporation has not paid the full contract price as herein authorized, and no action is pending to adjudicate rights in and to the unpaid portion of the contract price."

It is manifest that the appellants have not brought themselves within the provisions of the first paragraph of the foregoing quoted section; for the building had been completed and final acceptance of same had been made by the school district on March 3, 1925, and the appellants' claims were not filed with the proper officer until July 22, 1925, and August 12, 1925, long after the expiration of the 30-day period. However, appellants claim that, since the school district withheld $1.00 from the payment on the final estimate, they have brought themselves within the provisions of the second sentence of the aforesaid section. It is clear, however, that, under said provision, the appellants would have no right except as to the unpaid portion of the contract price, to wit; $1.00. After the expiration of the 30-day period, the school district could have paid the entire amount, and neither said district nor the surety company would be liable. Therefore, in no event could the appellants prevail, except as to the amount of the $1.00 withheld.

The appellees contend that the rights of the appellants are barred by Section 10313 of the Code of 1924, which provides that any claimant for labor or material who has filed his claim may, at any time after the expiration of 30 days, and *not later than*

*six months* following the completion and final acceptance of said improvement, bring action in equity in the county where the improvement is located, to adjudicate all rights to said fund, or to enforce liability on said bond. Since the appellants' actions were not begun until the 24th day of June, 1926, which is more than six months after the completion of the building and the acceptance of the same by the school district on March 3, 1925, as it occurs to us there is no escape from the correctness of the appellees' contention. Said Section 10313 is a special statute of limitations, and while, after the expiration of said six-months period, the appellants still have a right of action, as against the contractor, until the expiration of the period of the general statute of limitations, they have no action as against the school district for the fund, nor as against the surety company on the statutory bond.

The appellants contend that it was the duty of the school district, under Section 10312 of the Code, not to pay the amount of the final estimate forthwith, but to retain it for a period of thirty days after the completion and final acceptance of the improvement. While this is true, this did not relieve the appellants from filing their claims as provided in Section 10308 of the Code, and does not relieve them from filing their claims and bringing the action before the six-months period of limitation expired, under Section 10313 of the Code.

There is no plea of estoppel by the appellants, and no proof that the school district's failure to retain the money for the period of thirty days caused the appellants to act, or fail to act, to their prejudice.

For the foregoing reasons, the action of the trial court in dismissing the petitions of the appellants at their costs is correct, and the same is hereby affirmed.—*Affirmed.*

STEVENS, C. J., and DE GRAFF, ALBERT, and MORLING, JJ., concur.