SOUTHERN SURETY COMPANY, Appellant, v. JENNER BROS. et al., Appellees.

No. 40827.

1028

JUNE 20, 1931.

Parrish, Cohen, Guthrie & Watters, for appellant.

Bush & Bush, for Citizens Trust & Savings Bank, appellee.

Maxwell O'Brien, for Iowa State Highway Commission, appellee.

Maxwell & Ryan, for Sinclair Refining Company, appellee.

Watson & Watson, for Lulu May Kephart, Dave Young, Ed Kephart, Farmers Elevator & Feed Co., T. Anglin, William Hathaway, W. B. Lister, Everett F. Duncan, Mrs. Wm. Hathaway and G. F. Carpenter, appellees.

W. M. Wilson, for Marshall's Repair Shop, Coy Bullard and McCoy Hardware Co., appellees.

Merle F. Wells, for American Trust Co., Administrator of Estate of Emil J. Serk, deceased, appellees.

. Vollmer & Doerr and F. P. Henderson, for Paul T. Pfeifer, appellee.

KINDIG, J.—Jenner Bros., defendants and appellees, on October 15, 1928, entered into a contract with the state high-way commission for excavation and grading on a certain primary state highway in Warren County, designated as Project P-568. Section 10300 of the 1927 Code provides:

''Contracts for the construction of a public improvement shall, when the contract price equals or exceeds one thousand dollars, be accompanied by a bond, with surety, conditioned for the faithful performance of the contract, and for the fulfillment of such other requirements as may be provided by law. Such bond may also be required when the contract price does not equal said amount.''

The contract with Jenner Bros. was of the kind requiring a bond. Hence, on October 20, 1928, a statutory construction bond was executed by Jenner Bros., appellees, as principal, and the Southern Surety Company, plaintiff and appellant, as surety. This bond was duly accepted and filed. Under section 10304 of the 1927 Code the bond, among others, shall contain these stipulations:

''The following provisions shall be held to be a part of every bond given for the performance of a contract for the construction of a public improvement, whether said provisions be inserted in such bond or not, to wit:

''1. 'The principal and sureties on this bond hereby agree to pay to all persons, firms, or corporations having contracts directly with the principal or with subcontractors, all just claims due them for labor performed or materials furnished, in the performance of the contract on account of which this bond is given, when the same are not satisfied out of the portion of the contract price which the public corporation is required to retain until completion of the public improvement, but the prin-

cipal and sureties shall not be liable to said persons, firms, or corporations unless the claims of said claimants against said portion of the contract price shall have been established as provided by law.' * * *''

Thereafter, the appellee Jenner Bros. completed the construction under the aforesaid contract, and, on September 26, 1929, the work was accepted by the state highway commission. A controversy arises, however, so far as material here, over the liability of the appellant, as surety on the contractor's bond, for claims held by appellees-defendants, and arising out of labor performed and material furnished the appellee Jenner Bros. in the execution of the contract. Another dispute grows out of: First, a claim for interest on the claims established; and, second, a deduction made from the demand of the appellee, Sinclair Refining Company.

Claims were filed by the following appellees, in the amounts named below, with the officers, commission, or district court, at the times designated respectively:

| For labor: Claimant | Amount of Claim | Date filed with County Auditor | Date filed with Highway Commission | Date filed with Court | Date filed with State Auditor |
|---|---|---|---|---|---|
| Lulu May Kephart, | Disputed | 10-9-29 | 10-9-29 | 1-25-30 | |
| Ed. Kephart, | $78.20 | 10-9-29 | 10-9-29 | 1-25-30 | |
| Emil J. Serk, | Disputed | | 11-1-29 | 3-18-30 | |
| T. Anglin, | $200.00 | 12-4-29 | 12-3-29 | 1-21-30 | |
| Wm. Hathaway, | $544.18 | 12-4-29 | 12-3-29 | 1-21-30 | |
| W. B. Lister, | $1,417.02 | 12-4-29 | 12-4-29 | 1-25-30 | |
| Coy Bullard, | Disputed | 12-7-29 | | 1-9-30 | |
| Evert F. Duncan, | Disputed | | 11-22-29 | 1-21-30 | |
| Mrs. Wm. Hathaway, | $305.00 | 12-4-29 | 12-3-29 | 1-21-30 | |
| For Material: | | | | | |
| Dave Young, | $332.38 | 10-9-29 | 10-9-29 | 1-21-30 | |
| Farmers Elev. & Feed Co., | Disputed | | 10-15-29 | 1-25-30 | |

| | | | | |
|---|---|---|---|---|
| McCoy Hdw. & Harness Co., | Disputed | | 10-15-29 | 1-23-30 |
| G. F. Carpenter, | $115.00 | 10-16-29 | 10-16-29 | 1-21-30 |
| Marshall's Repair Shop, | Disputed | 11-1-29 | 11-2-29 | 1-8-30 |
| Sinclair Refining Company | Disputed | | 10-1-29 | 3-12-30 |

For *Rentals* for use of machinery:

| | | | | |
|---|---|---|---|---|
| Paul T. Pfeifer, | Disputed | 12-16-29 | 12-16-29 | 1-7-30 | 12-16-29 |

There is now held by the state highway commission from the contract price due the appellee, Jenner Bros., $9,201.12. Of that amount, the sub-final estimate is $3,427.15, and the final estimate $5,773.97.

Many objections were made by appellant to the claims filed. Among these objections is the one that the claims were not filed with the state auditor, or in a proper action pending in the district court, within thirty days, as required by law.

After a hearing on the merits, the district court disallowed the following claims: McCoy Hardware & Harness Company, Coy Bullard, and Paul T. Pfeifer. Allowances, however, were made on the other claims above named in the amounts set forth after the name of each claimant, respectively, as follows:

*Labor*:

    Lulu May Kephart, $486.75
    Mrs. William Hathaway, $305.00
    Ed. Kephart, $78.20
    Administrator of Emil J. Serk Estate, $861.20
    T. Anglin, $200.00
    Wm. Hathaway, $544.18
    W. B. Lister, $1,417.02
    Everett F. Duncan, $400.00

*Material*:

    David Young, $332.38
    Farmers Elevator Company, $213.24
    G. F. Carpenter, $115.00
    Marshall's Repair Shop, $7.50
    Sinclair Refining Company, $5,758.76

Thus the total claims allowed for labor and material were $10,719.23. In addition to the foregoing, the district court allowed attorneys fees, as contemplated by section 10318 of the 1927 Code, to the following attorneys in the amounts set opposite the names of each:

Watson & Watson, $350.00

M. T. Wells, $75.00

Maxwell & Ryan, $450.00

W. M. Wilson, $25.00

The court costs (without the attorney fees) in the district court, when judgment was entered, amounted to $300.36. Consequently the total costs with attorney fees at that time were $1,200.36. Thereby, the aggregate claims allowed for labor and material, together with the costs aforesaid, amount in all to $11,919.58. As before explained, the total amount held by the highway commission from the Jenner Bros. contract was $9,201.12. So, it is evident that the funds retained by the highway commission are not sufficient to cover the claims and costs. Subtracting the fund retained from the amount of the claims allowed and costs, there is a deficiency of $2,718.47. Accordingly, the district court, after deducting the costs aforesaid, established the claims for labor and material against the fund, thereby paying all the allowed claims in full except the demand of the Sinclair Refining Company. That institution's claim was allowed against the fund in the amount of $3,040.29, thus leaving a balance due on the Sinclair claim in the amount of the aforesaid deficiency of $2,718.48.

A judgment was entered by the district court in favor of the Sinclair Refining Company against the appellee, Jenner Bros., as principal, and the appellant, Southern Surety Company, as surety on the aforesaid bond. No interest, however, was allowed on any claim above established, and, as previously explained, $67.03 was disallowed on the principal of the Sinclair Refining Company's claim.

Appellant appeals on the theory that the district court was in error in entering any judgment against it, for the reasons: First, that the claims were not properly or timely filed with the state auditor; and, second, that such claims were not in any event timely filed in the district court.

By way of cross appeal Lulu May Kephart, Dave Young,

Ed Kephart, Farmers Elevator Company, of Indianola, T. Anglin, W. Hathaway, W. B. Lister, Everett F. Duncan, Mrs. W. Hathaway, and G. F. Carpenter complain because no interest was allowed on their respective claims, and the Sinclair Refining Company objects for the reason that it received no interest, and the trial court deducted $67.03 from the principal of its claim. There is no appeal by any other party.

Consideration will now be given to the subjects here involved in the following order.

■ I. With whom should the claimants have filed their demands in order to establish priority on the contract price retained by the state, and obligate the surety on the Jenner Bros. bond to pay the balance? This is the first question discussed by the appellant.

As shown in the foregoing statement of facts, these claims, with one exception, were first filed with the county auditor, and the state highway commission. Except in one instance they were not filed with the state auditor. Paul T. Pfeifer, however, did file his claim with the state auditor, but, as previously shown, the district court disallowed the same for other reasons. Hence no claim allowed by the district court was at any time filed with the state auditor. It is appellant's contention that all claims should have been filed with the state auditor in order to bind it as surety.

Returning again to section 10304 of the 1927 Code, above-quoted, it will be found that subdivision I contains this exception:

"The principal and sureties shall not be liable to said persons, firms, or corporations (claimants) unless the claims of said claimants against *said portion of the contract price* shall have been established as provided by law." (The italics are ours).

The words "said portion of the contract price" refer by inference to section 10310 of that Code, which reads:

"Payments made under contracts for the construction of public improvements, unless provided otherwise by law, shall be made on the basis of monthly estimates of labor performed and material delivered; said payments to be made for not more than ninety per cent of said estimates and to be so made that

at least ten per cent of the contract price will remain unpaid at the date of the completion of the contract, anything in the contract to the contrary notwithstanding.''

Claims may be established on said ten per cent, as required by the italicized portion of section 10304, above set forth, through compliance with section 10305 of the same Code in this manner:

''Any person, firm, or corporation who has, under a contract with the principal contractor or with subcontractors, performed labor, or furnished material, service, or transportation, in the construction of a public improvement, may file, with the officer authorized by law to issue warrants in payment of such improvement, an itemized, sworn, written statement of the claim for such labor, or material, service, or transportation.''

Obviously, then, it was the duty of the claimants in the case at bar to have filed their demands with the ''officer authorized by law to issue warrants.'' Such officer is the auditor of state and not the highway commission or county auditor. Missouri Gravel Company v. Federal Surety Company, 212 Iowa ——.

Manifestly, then, the appellees in the case at bar did not file their claims with the proper officers within thirty days after the completion and final acceptance of the improvement, according to the provisions of section 10308 of the Code. Paragraph two of that Code section, however, contains the following provision:

''Claims may be filed with said officer as follows: * * *

''2. At any time after said thirty-day period, if the public corporation has not paid the full contract price as herein authorized, and no action is pending to adjudicate rights in and to the unpaid portion of the contract price.''

But those claims must be filed with the officer referred to in section 10305, supra. That officer, in this event, is the state auditor, and therefore, appellees must fail because they did not file with him.

II. Assuming, however, that the state auditor is the person with whom the claim should have been filed in the first instance, yet appellees insist that their demands may be allowed: First, against the funds retained from the consideration named

in the contract; and, second, against the appellant as surety on the bond, for the reason that such "claims" were duly filed with the district court after the present action was brought. A basis for appellees' position, they contend, may be found in section 10309 of the 1927 Code, which reads:

"The court may permit claims to be filed with it during the pendency of the action hereinafter authorized (an action like the present one), if it be made to appear that such belated filing will not materially delay the action."

While it is true that appellees' claims were thus filed with the district court, with its consent, yet such filing was not within the thirty-day period contemplated by the first division of section 10308, previously mentioned. Nevertheless, appellees seek to establish their claims through the second paragraph of section 10308, above quoted. This paragraph, it will be recalled, permits a filing under certain circumstances after "the thirty-day period". Unquestionably such filing, after the thirty-day period, will be sufficient to establish appellees' claim against the funds retained from the contractor's agreed consideration, but will such belated filing, even with the district court, entitle appellees to establish their claim against the appellant, a surety on the contractor's bond? Clearly not. As previously stated, the surety is liable under the statutory contract set forth in section 10304 of the Code for such amount of the claims "not satisfied out of the portion of the contract price which the public corporation is required to retain until completion of the public improvement". Said portion to be thus retained is ten per cent. See Section 10310 of the 1927 Code. Section 10304, however, as has already been suggested, contains the following exception:

" 'But the  *  *  *  sureties shall not be liable to said persons, firms, or corporations (claimants) unless the claims of said claimants against said portion of the contract price shall have been established as provided by law.' "

What portion of the contract price? Manifestly the ten per cent named in the preceding clause of that paragraph of the section. Under section 10312 of the 1927 Code, said ten per cent shall be retained "by the public corporation for a period

of thirty days after the completion and final acceptance of the improvement. If at the end of said thirty-day period claims are on file as herein provided the public corporation shall continue to retain from said unpaid funds a sum not less than double the total amount of all claims on file.'' When, however, no claims were filed, as required by 10305, supra, within the thirty-day period, then such ten per cent need no longer be retained. Perkins Builders Supply & Fuel Company v. Independent School District, 206 Iowa 1144.

So, under the statute, the so-called ten per cent portion of the contract price no longer exists, as such, if claims are not filed within the thirty-day period. Appellees' rights in the premises are determined by the statute. Likewise, the obligation being a statutory bond, appellant's liabilities also are fixed and controlled by statute. In fact, the statutory language only is expressly and in terms written into the obligatory provision of the bond executed by appellant. See case last above cited. That being true, appellees did not secure for themselves the ten per cent portion of the contract price because they failed to file their claims with the state auditor within the thirty-day period. After that period elapsed and no claims were filed by appellees, the ten per cent portion of the contract price, referred to in the statute, lost its identity, as such, and became mingled with general portions of that contract price without statutory identity. Perkins Builders Supply & Fuel Company v. Independent School District (206 Iowa 1144), supra.

Because appellees failed to properly and timely file their claims, the ten per cent designated in the statute, lost its status as such and became merely a general balance due the contractor. Such is true, regardless of section 10309 permitting claims to be filed under certain circumstances with the district court. Permission to file claims with the district court does not change the time of filing provided in section 10308 of the Code. Consequently, under the facts and circumstances here presented, when appellees filed their claims with the district court there was not then in existence the ten per cent statutory retained balance. Without fixing their statutory rights to such ten per cent retained balance, appellees cannot insist upon the surety's liability. Section 10304, supra, in part provides that the surety is liable when the claims for labor and material ''are not sat-

isfied out of the portion of the contract price which the public corporation is required to retain until the completion of the public improvement''. Then, following the foregoing provision is an exception in the same section, most significant, to the following effect:

''But the * * * sureties shall not be liable to said persons, firms, or corporations (claimants) unless the claims of said claimants against said portion of the contract price shall have been established as provided by law.''

Reference, of course, is made to the retained ten per cent. Here, however, when appellees filed their claims, there was no longer a statutory retained ten per cent, and consequently their claims could not be established, as provided by law. This is true, because appellees did not establish their claims as required by law, against said retained ten per cent. See Section 10304, paragraph one.

Every section under Chapter 452 of the Code contemplates this result. In Perkins Builders Supply & Fuel Company v. Independent School District of Des Moines (206 Iowa 1144), supra, it was sought to hold a surety on a bond. The question now before us was involved in that case. During the discussion in the Perkins case, we said:

''It is manifest that the appellants have not brought themselves within the provisions of the first paragraph of the foregoing quoted section (10308 of the 1927 Code, above quoted and discussed); for the building had been completed and final acceptance of same had been made by the school district on March 3, 1925, and the appellants' claims were not filed with the proper officer until July 22, 1925, and August 12, 1925, long after the expiration of the 30-day period. However, appellants claim that, since the school district withheld $1.00 from the payment on the final estimate, they have brought themselves within the provisions of the second sentence of the aforesaid section (designated in this opinion as paragraph two). It is clear, however, that, under said provision, the appellants would have no right except as to the unpaid portion of the contract price, to wit: $1.00. After the expiration of the 30-day period, the school district could have paid the entire amount, and neither said district nor the surety company would be liable. Therefore, in

no event could the appellants prevail, except as to the amount of the $1.00 withheld.''

Plainly, therefore, under the facts and circumstances presented in the present controversy, appellees can have no judgment against the appellant, as surety, on the contractor's bond, but they are entitled only to the balance of the contract price remaining after the work was completed and the job accepted. Paragraph two of section 10308, supra, authorizes appellees to receive such balance of the contract price. Because the district court held otherwise, the appellant is entitled to a reversal.

Distribution of the contract price retained, according to sections 10315 and 10316 of the 1927 Code, should be made as follows: First, for the court costs, including the attorneys fees named in the judgment of the district court; second, for the labor claims in the order filed with the district court; and, third, after paying the aforesaid labor claims, then for the material demands in the order filed with the district court, to wit:

Marshall's Repair Shop, $7.50.

{ David Young, $332.38.
{ G. F. Carpenter, $115.00.

Farmers Elevator Company, $213.24.

Sinclair Refining Co. the balance, whatever may be left, because its claim for material was filed last.

III. Considering now the cross-appeal, attention first will be directed to the complaint of the appellee, Sinclair Refining Company, because the district court deducted from its claim allowed the sum of $67.03. No judgment can be obtained against the appellant, surety, as above announced. Therefore, the reasons for the complaint are largely avoided.

Of the fund remaining, the Sinclair Refining Company's claim cannot be paid in full because, as before seen, it was the last material claim filed against an insufficient amount. Such deficiency of the fund is greater than the deduction of $67.03 made by the district court. So, the question becomes moot.

IV. Furthermore, an exception is taken by the appellees whose claims were in some part allowed, because the district court did not add thereto interest at the rate of six per cent per annum.

The basis for this contention is founded appellees say upon section 9404 of the Code, which generally provides that the rate

of interest shall be six per cent "unless the parties shall agree in writing for the payment of interest not exceeding eight" per cent. So far as Chapter 452 of the 1927 Code is concerned, however, there is no provision made for interest on claims of laborers or materialmen. In view of the fact that the Code provision contemplates interest on contracts, appellees assert that Foley Brothers v. St. Louis County, 197 N. W. 763 (Minn.), is authority for the proposition that the fund in question may be used to pay interest on claims allowed. That decision was partly, at least, based upon statute and there was no discussion concerning the justice and equity of permitting a preferred creditor to draw interest on his claim from a fund of this kind, and thereby prejudice other preferred creditors because the fund is insufficient. Undoubtedly the appellees are entitled to interest from the contractor, Jenner Brothers. But the state highway commission, or the public fund, is not obligated to pay interest. Liability on the part of the public officers and commissions is simply to pay to Jenner Bros., the contractors, the contract price under the terms of the statute. Under certain circumstances, such duty to pay the principal sum is not to the contractor, but to laborers and materialmen within the statutory provision. However, as before seen, interest is not to be paid by the public officers or commissions under the statute either to the contractor or to the fund retained for laborers and materialmen.

No doubt interest could be obtained if the fund were sufficient to pay in full all the original claims entitled to participate therein. 40 Corpus Juris, 263, sec. 325. Here, however, in the matter before us, the fund is not sufficient to pay the principal sums. A more or less remote proposition was discussed by the Supreme Court of Colorado in Kern v. Guiry Bros. Wall Paper Co., 153 Pac. 87. There, the Colorado Court said, on page 87:

"The next question relates to interest. Interest is recoverable only in the cases enumerated in the statute. The lien act is silent on the subject. Kern (the owner) is not personally liable for the materials purchased by Blume (the contractor), consequently is not personally obligated to pay the Wall Paper Company (sub-contractor) interest on its account. If, however, the company is entitled to interest on the Blume account as against him, then the amount of such interest may be in-

cluded in its judgment, provided the fund which Kern should have retained to satisfy liens for materials is sufficient to pay the account with interest. Interest is recoverable in such circumstances upon the theory that Kern does not pay the Wall Paper Company account out of his own money, but out of a fund which he should have retained. *We also add the further proviso that interest should not be allowed where the rights of third parties would be injuriously affected.*" (The italics are ours).

Prejudice would arise to the other claimants, in the case at. bar, if one of them were permitted to take interest out of a fund not sufficient to pay the principal to each. Interest is not authorized by the public improvement statute itself. Funds accumulated by retaining portions of the contract price, however, are provided to protect laborers and materialmen. It is contemplated by statute that each laborer and materialman shall partake of the principal of that fund according to the amount and time of filing his claim. Such participation contemplates the principal of the fund without any deduction because of interest. Of course, if as aforesaid the fund were sufficient to pay both principal and interest, there then would be no objection to the payment of interest. Therefore, because the fund here is insufficient, the district court properly denied the interest. In bank receivership cases, we have adopted the rule that interest is not applicable unless the principal is sufficient to pay all preferred creditors. Leach v. Sanborn State Bank, 210 Iowa 613.

Wherefore, that portion of the judgment and decree against the appellant, Surety Company, should be, and hereby is, reversed; but on the appeal of the appellees, Lulu May Kephart, Dave Young, Ed Kephart, Farmers Elevator Company, of Indianola, T. Anglin, W. Hathaway, W. B. Lister, Everett F. Duncan, Mrs. W. Hathaway, and G. F. Carpenter, the judgment and decree of the district court is affirmed.

Reversed on appellant's appeal.

Affirmed on appellees' appeal.

FAVILLE, C. J., and ALBERT, WAGNER, MORLING, and GRIMM, JJ., concur.

STEVENS and EVANS, JJ., dissent as to Division one.