**NORTHWEST LIMESTONE CO., INC., Appellee,**

v.

**STATE of Iowa DEPARTMENT OF TRANSPORTATION, Dieseth Specialty Company, and Cedar Falls Construction Co., and G & L Building Center Corp., Defendants,**

**and**

**Great American Insurance Company, Appellant.**

**FORT DODGE ASPHALT COMPANY, Appellee,**

v.

**STATE of Iowa DEPARTMENT OF TRANSPORTATION, and Dieseth Specialty Company, Defendants,**

**and**

**Great American Insurance Company, Appellant.**

No. 91–1911.

Supreme Court of Iowa.

April 21, 1993.

Joseph D. Thornton of Smith, Peterson, Beckman & Willson, Council Bluffs, for appellant.

Brian Yung, Herbert R. Bennett, and Mark R. Crimmins of Bennett, Crimmins & Yung, Fort Dodge, for appellees.

Considered by HARRIS, P.J., SCHULTZ, CARTER, LAVORATO, and SNELL, JJ.

CARTER, Judge.

Great American Insurance Company (Great American), the surety for the general contractor on a highway surfacing project, appeals from a judgment establishing the claims of two unpaid subcontractors against that portion of the contract price required to be retained pursuant to Iowa Code chapter 573 (1991). The general contractor's interest in these retained funds had been assigned to Great American before this action was commenced. The subcontractors in question, Northwest Limestone Co., Inc. (Northwest Limestone) and Fort Dodge Asphalt Company (Fort Dodge Asphalt), brought separate actions to adjudicate their rights to the statutory retainage and to recover on the bond. These cases were consolidated and tried together.

In the district court, the appellee subcontractors contended that they held valid claims against funds due the general contractor but retained by the public corporation pursuant to Iowa Code sections 573.12, .13, and .14 (1991). In addition, both appellees claimed that Great American, as surety, had acted in a manner that estopped it from opposing appellees' claims to these retained funds. Great American alleged that both of the appellees failed to commence the present action within the time required by Iowa Code section 573.16 (1991). The district court ruled that appellees' action was not barred by the time limitation specified in section 573.16. The court rejected appellees' claims of estoppel but upheld their claims to the funds under the statutory claim procedure in chapter 573.

On our de novo review, we agree with the district court that no estoppel has been proven by appellees. We disagree, howev-

er, with that court's conclusions that appellees' actions were not barred by the time limitation contained in section 573.16. We reverse that portion of the decision and remand the case for an order denying both claims.

The public project that gave rise to this dispute involved the surfacing of 15.24 miles of Highway 7 between Manson and Fort Dodge. The agency dealing for the state on the project was the Iowa Department of Transportation (IDOT). The general contractor on the project was Dieseth Specialty Company (Dieseth), whose surety was Great American. Northwest Limestone subcontracted with Dieseth to furnish 530 cubic yards of concrete on the project for $28,366. Fort Dodge Asphalt subcontracted with Dieseth to provide concrete patches, hot mix asphalt, and equipment rental for approximately $111,500.

A corporate officer of Northwest Limestone heard a rumor that Dieseth was in financial difficulty. The office manager of Fort Dodge Asphalt heard a similar rumor. This prompted both of these subcontractors to file a claim with IDOT for amounts still owed them under their subcontracts on this project. Fort Dodge Asphalt's claim in the amount of $5121.05 was received by IDOT on May 8, 1990. Northwest Limestone's claim in the amount of $24,177.66 was received by IDOT on May 25, 1990.

Receipt of these two claims was acknowledged in writing by IDOT. The agency's written response, in each instance, advised the subcontractor claimant that, "[b]y filing a claim, the claimant is only protecting his right to institute an action within the time prescribed by law, in the district court in the county in which the labor or materials were furnished. The Iowa Department of Transportation cannot pay any such claims."

Great American has never denied that the amounts of these two subcontractor claims represent sums legally owed by the general contractor. Appellees have recovered judgment against Dieseth for these claimed amounts. There is also no dispute concerning whether these claims were filed with IDOT within the time prescribed by law. Such claims may be filed "at any time before the expiration of thirty days immediately following the completion and final acceptance of the improvement." Iowa Code § 573.10(1). Both of these claims were filed in May 1990, and completion and final acceptance did not take place until June 28, 1990. The primary issue presented by Great American does not involve the time the claims were filed with IDOT, but rather the time appellees' action to adjudicate these claims was filed in the district court.

I. *Whether Section 573.16 Bars Appellees' Action to Recover the Statutory Retainage.*

Section 573.16 provides in part:

The public corporation, the principal contractor, any claimant for labor or material who has filed a claim, or the surety on any bond given for the performance of the contract, may, *at any time after the expiration of thirty days, and not later than sixty days, following the completion and final acceptance of said improvement,* bring action in equity in the county where the improvement is located to adjudicate all rights to said fund, or to enforce liability on said bond.

(Emphasis added.) Northwest Limestone's action was commenced 111 days after the date of completion and final acceptance of the project. Fort Dodge Asphalt's claim was commenced 118 days after that date.

The district court determined that the failure of these two subcontractors to commence an action not later than sixty days following completion and final acceptance only barred their right to recover against Great American on the bond. The court concluded that, in equity, the section 573.16 time restriction did not preclude these claimants from asserting a right against "the retainage fund that is still there." Great American challenges this interpretation. It argues, correctly we believe, that a statute of limitations operates alike in both law and equity. As this court has observed:

Although it is the rule in some jurisdictions that the statute of limitations does

not apply eo nomine to suits in equity, "in this State our statute, ex vigore suo, operates in both courts alike, and not in equity by the mere discretion or courtesy of the chancellor."

*Anderson v. Anderson*, 234 Iowa 277, 282, 12 N.W.2d 571, 574 (1944) (quoting *Relf v. Eberly*, 23 Iowa 467, 469 (1867)). Great American urges that the statute of limitations contained in section 573.16 is applicable to all of the matters to which that section relates. It asserts that section 573.16 expressly contemplates an action "to adjudicate all rights to said fund, or to enforce liability on the bond."

The distinction that the trial court drew with respect to barring actions to recover on the bond but not barring actions to recover against the statutory retainage has been recognized by this court in cases involving late-filed claims. In *Southern Surety Co. v. Jenner Bros.*, 212 Iowa 1027, 237 N.W. 500 (1931), we stated:

While it is true that appellees' claims were thus filed with the district court, with its consent, yet such filing was not within the thirty-day period contemplated by the first [paragraph of section 573.10] previously mentioned. Nevertheless, appellees seek to establish their claims through the second paragraph of [that section]. This paragraph, it will be recalled, permits a filing under certain circumstances after "the thirty-day period." Unquestionably such filing, after the thirty-day period, will be sufficient to establish appellees' claim against the funds retained from the contractor's agreed consideration, but will such belated filing, even with the district court, entitle appellees to establish their claim against the appellant, a surety on the contractor's bond? Clearly not.

*Id.* at 1035, 237 N.W. at 504.

■ In the later case of *Cities Service Oil Co. v. Longerbone*, 232 Iowa 850, 6 N.W.2d 325 (1942), we adopted the "piggybacking" rule as to late-filed claims. Un-

der that rule if any claimant has filed a claim within the thirty-day period and a timely action is commenced by some plaintiff authorized to sue under section 573.16, other claimants may file claims after the thirty-day period. *Id.* at 858–59, 6 N.W.2d at 328–29. These late-filing claimants may have their claims adjudicated against the fund and, in addition, recover on the bond for any deficiency remaining after the statutory retainage is exhausted. *Id.*[1]

■ We conclude that cases involving late-filed claims are inapposite to the present statute-of-limitations dispute. The degree of slack afforded to late-filed claims has been posited upon the legislative validation of late-filed claims contained in section 573.10(2) and section 573.11. There is, as Great American argues, no similar legislative validation of late-filed actions not meeting the time requirements specified in section 573.16. A case in point is *Perkins Builders Supply & Fuel Co. v. Independent School District*, 206 Iowa 1144, 221 N.W. 793 (1928). In that case, this court held that Iowa Code section 10313 (1924), which was the statutory predecessor to section 573.16, "is a special statute of limitations." *Id.* at 1149, 221 N.W. at 795.

The *Perkins Builders* case holds that,

after the expiration of said [statutory] period, the appellants [late-filing plaintiffs] still have a right of action as against the contractor until the expiration of the period of the general statute of limitations, they have no action as against the school district for the [retained] fund, nor as against the surety company on the statutory bond.

*Id.* We see no reason to depart from the conclusions expressed in that decision. Under section 573.16, appellees' claims were barred as to both recovery on the bond and recovery against the retained percentage. The district court erred in concluding otherwise.

---

1. The "piggybacking" rule was also applied to a late-filed claim in *Iowa Supply Co. v. Grooms & Co. Construction*, 428 N.W.2d 662, 667 (Iowa 1988). In that case, judgment was not entered against the bonding company because the retainage was sufficient to satisfy the claim in question.

II. *Whether Great American is Estopped From Relying on the Statute of Limitations.*

Both appellees contend that if the time limitation in section 573.16 may be applied to bar their claims Great American's actions should estop it from invoking this statute of limitations. They base this claim on their assertion that Great American discussed payment of the claim with them up to the expiration of the sixty-day period. They further assert that Great American urged them to "diary their file ahead" and recontact it on a specified date beyond the sixty-day period.

We agree with the district court that nothing in Great American's words or deeds gave any assurance that it would ultimately pay appellees' claims or that it would ignore any applicable statutes of limitation. The facts presented do not establish the claimed estoppel.

We have considered all issues presented. The portion of the district court's decision rejecting appellees' claims of estoppel is affirmed. The order granting appellees judgment against the retained percentage is reversed. The case is remanded to the district court for an order dismissing the actions of both appellees. Costs on appeal are taxed to appellees.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**