# IN THE COURT OF APPEALS OF IOWA

No. 14-1628
Filed January 13, 2016

**EWING CONCRETE LLC,**
    Plaintiff-Appellant,

**vs.**

**ROCHON CORPORATION OF IOWA,**
**WAUKEE COMMUNITY SCHOOL**
**DISTRICT, and TRAVELERS INDEMNITY CO.,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Dallas County, Paul R. Huscher,

Judge.


A subcontractor appeals the court's dismissal of its claim following an

electronic data monitoring system (EDMS) malfunction. **REVERSED AND**

**REMANDED.**


Valerie A. Cramer of Cramer Law, P.L.C., Des Moines, for appellant.

Stephen D. Marso of Whitfield & Eddy, P.L.C., Des Moines, for appellees.


Heard by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

This case involves chapter 16, "Rules Pertaining to the use of the Electronic Document Management System" (EDMS). The district court denied the plaintiff's request to have its petition, which was e-filed on May 9, 2014, deemed to have been e-filed on April 30, 2014 Under the unique and specific circumstances of this case, fairness requires us to reverse the district court and deem the petition to have been filed on April 30, 2014.

## I.    Background Facts and Proceedings

Waukee Community School District hired Rochon Corporation of Iowa, Inc. to be the general contractor on its construction project. According to Rochon, Travelers Casualty and Surety Company of America furnished a bond for Rochon under Iowa Code chapter 573 (2013).[1] Rochon subcontracted with Ewing Concrete, LLC to perform a portion of the work.

In July 2103 Ewing asserted a chapter 573 claim for approximately $41,000 for "labor and material on public improvements." On March 31, 2014, Rochon personally served Ewing with a thirty-day demand letter under Iowa Code section 573.16, requiring Ewing "commence action in court, within [thirty] days of service of this letter, to enforce its Iowa Code chapter 573 claim," i.e., by April 30, 2014. Iowa Code section 573.16 and relevant case law interpreting this section provide that if Ewing fails to timely file its petition, its statutory claim is time barred. *See Nw. Limestone Co. v. State Dep't of Transp.*, 499 N.W.2d 8, 11-12 (Iowa 1993) (holding section 573.16 provides a "special statute of

---

[1] Defendants point out Ewing named the wrong Travelers entity in its petition caption— The Travelers Indemnity Company.

limitations" barring a subcontractor's recovery against a school district's retained fund or a surety company's bond and citing approvingly to *Perkins Builders Supply & Fuel Co. v. Indep. Sch. Dist.*, 221 N.W.2d 793, 795 (Iowa 1928), for the proposition that after the expiration of the "special statute of limitations," the late-filing plaintiffs "still have a right of action as against the contractor until the expiration of the period of the general statute of limitations").

On April 30, 2014, at 4:29:48 p.m., Ewing's attorney submitted an e-payment for a "Petition in Equity" to EDMS. Minutes thereafter, at 4:35 p.m., EDMS responded with an e-mail confirming Ewing's payment had been received. However, the record does not contain a similar EDMS confirmation regarding the petition. Eight days later, on May 8, 2014, the office manager for Ewing's attorney forwarded the payment-confirmation e-mail to the EDMS support provider, who replied: "We are dutifully researching this as I type and will get back to [you] ASAP once we know more." Thereafter, EDMS accepted Ewing's petition in equity, and the petition is file-stamped May 9, 2014. Count I of Ewing's petition asserted a claim under chapter 573, and count II asserted a breach-of-contract claim. Hereinafter we collectively refer to the three defendants named in the petition as "the defendants" (Waukee Schools, Rochon, and Travelers).

In mid-July 2014, Ewing's new counsel filed an "application to reset filing date for petition," alleging the "EDMS system unexpectedly went down at 4:38 p.m. and remained offline until 7:13 p.m." The application also alleged the "EDMS system at that point should have process[ed] this petition. However, it

was not processed until May 9, 2014, which is outside the deadline." The defendants filed a resistance, stating the "ultimate question is whether the EDMS malfunction excuses" Ewing's untimely filing. The defendants claimed, however, the chapter sixteen EDMS rules "do not permit the court to grant the relief sought by Ewing in its application."

On the morning of the September 2014 hearing on Ewing's application, Ewing filed two exhibits: Rochon's thirty-day demand letter with proof of service; and Ewing's April 30, 2014 "payment-pending" filing, filed at 4:29:48 p.m. The top section of the April 30 filing provided a filing ID, the date and time submitted, the case type (civil equity-other), and the court location (Dallas). Thereafter, the document stated:

| Document Name | View Document |
|---|---|
| PETITION Petition in Equity | Petition.pdf |
| EXHIBIT-Proposed Exhibit B – Chapter 573 Claim | Chapter 573 Claim.pdf |
| CIVIL ORIGINAL NOTICE | Travelers.pdf |
| CIVIL ORIGINAL NOTICE | Original Notice.pdf |
| EXHIBIT-Proposed Exhibit A – Subcontract Agreement | Subcontract[or].pdf |

After an unreported hearing, the district court found the "facts are not in dispute" and also found:

> [Rochon], on March 31, 2014, served on Ewing, a section 573.16 demand, requiring that suit be filed to enforce a claim within thirty days, or retained and unpaid funds would be released. Ewing attempted to file [its] petition on April 30, 2014, the last day of the thirty-day period. On that date, the EDMS system was not

functioning, and although Ewing received verification of [its] filing fee payment, the petition was not accepted and filed until May 9, 2014. Ewing seeks to have a determination that because [its] filing was not accepted, the filing should be deemed to have occurred on April 30, 2014.

The district court ruled that deeming Ewing's filing to have occurred on April 30, 2014, "although perhaps equitable," was "not the result provided in rule 16.311."

The court quoted the interim rule:

> **16.311(1)** *Date and time of filing, deadlines.*
> *a.* An electronic filing can be made . . . any time of the day [EDMS] is available. However, the expanded availability of electronic filings shall not affect the provisions for extension of deadlines under the criteria set forth in Iowa Code section 4.1(34) [(providing an extension to the next available filing day when the last day for commencing an action "falls on a Saturday, a Sunday, [or] a day [the clerk's office] is closed")]. When a document is filed using [EDMS], the system will generate a notice of electronic filing. The notice of electronic filing will record the date and time of the filing of the document in local time for the State of Iowa. This will be the official filing date and time of the document regardless of when the filer actually transmitted the document.
> *b.* A document is timely filed if it is filed before midnight on the date the filing is due.
> . . . .
> *d.* As [EDMS] may not always be available due to system maintenance or technical difficulties, filers should not wait until the last moment to file documents electronically.
> **16.311(2)** *System unavailable.*
> *a.* Some deadlines are jurisdictional and cannot be extended. The filer must ensure, by whatever means necessary, a document is timely filed to comply with jurisdictional deadlines. A technical failure, including a failure of [EDMS,] will not excuse a failure to comply with a jurisdictional deadline.

The district court then concluded the filing date for jurisdictional purposes under the rules was the EDMS-timestamp date on Ewing's petition, i.e., May 9, 2014, and denied Ewing's application.

Ewing filed a notice of appeal. Thereafter, Ewing filed (1) a request to amend its notice of appeal to an application for interlocutory appeal and (2) a supporting brief. Ewing alleged its original attorney was not provided with notice "of the down time or up time or the petition being rejected," and cited to the "unexpected downtime" provision in Iowa Rule 16.311(3)(b)."[2] Ewing claimed it had seven and one-half hours available to file its petition [after the downtime and] before midnight on April 30, 2014, but "EDMS did not do their job and inform the filer of the unavailability of the system either before or after the system went down."

The defendants' resistance noted, "as a result of the September 23 Order, the district court had thereafter granted [the defendants/appellees'] motion for summary judgment as to count I of the petition because the filing of that count was untimely under Iowa Code section 573.16." Stating count II is pending and could provide relief to Ewing upon its proof of a breach of contract, the defendants claimed Ewing could appeal the September 23 order as a matter of right after the district court's resolution of count II.

On January 7, 2015, our supreme court granted Ewing's request to amend the notice to an interlocutory appeal, stayed the district court proceedings, and ordered further proceedings, indicating the appeal "shall be had pursuant to the rules of appellate procedure." The appeal was then transferred to this court.

---

[2] Among the documents attached to Ewing's "request to amend" were: (1) the district court's order; (2) the April 30, 2014 document; and (3) an unsigned Ken Bosier affidavit [not e-file stamped]. Bosier is the now retired director of the Iowa Court Information Systems for the Iowa Judicial Branch.

**II. Standard of Review**

Ewing filed a petition in equity. "An interlocutory appeal from a court in equity is reviewed de novo." *Weltzin v. Nail*, 618 N.W.2d 293, 296 (Iowa 2000).

**III. Discussion**

Ewing seeks equitable relief, claiming because its original attorney did not receive any notice that the system was down, the court should have deemed its petition to have been filed on April 30. It claims *if* its attorney had received the notice the system was down, he could have timely filed the petition in the remaining hours after the system was up again and running before midnight. In contrast, the defendants ask us to utilize a literal interpretation of the EDMS rules, disregard any equitable considerations, and affirm the district court.

We note the district court's language shows recognition of the harshness of its ruling under equitable principles by specifically finding: "On that date, the EDMS system was not functioning, and although Ewing received verification of [its] filing fee payment, the petition was not accepted and filed until May 9, 2014." We also note the difficulties in this case were not caused by either party but by a malfunction of the EDMS system in accepting Ewing's payment for filing the petition but not accepting the actual petition. Because EDMS is a totally new filing process for the entire court system, because our supreme court is still in the process of taking comment on and developing the court's final EDMS rules, and because there is a lack of supreme court precedent to guide our resolution, we conclude an attorney who received notice in April 2014 that EDMS had accepted payment for the filing of a petition could reasonably believe the petition itself had

been filed, especially when the notice contained the language detailed above referencing "petition.pdf." and no notice of the system being down was generated.

Thus, we conclude under the unique and specific circumstances of this case only, equity requires us to deem Ewing's petition as having been filed on April 30, 2014; at this time in the court's initial transition and use of the EDMS process, equity does not allow us to force Ewing to bear the burden of the systemic failure of our new filing system by "strictly interpreting" the chapter 16 rules.  *See Pfohl v. City of Dubuque*, 368 N.W.2d 207, 208 (Iowa 1985) (rejecting defendant's claim the court erred in allowing relief where the plaintiff's "letter was filed one day too late" and noting "[t]his is an equitable action . . . and we will look to the equities of the situation"); *see also Folkers v. S. Leasing*, 431 N.W.2d 177, 182 (Iowa 1988) ("Equity requires doing justice to all parties in an action."); *McGaffee v. McGaffee*, 58 N.W.2d 357, 360 (Iowa 1953) ("Such relief should be granted as will most nearly work substantial justice to all parties.").  Accordingly, we reverse the district court and remand for further proceedings in accordance with this opinion.

**REVERSED AND REMANDED.**

Vaitheswaran, J., concurs; Vogel, P.J., dissents.

**VOGEL, Presiding Judge (dissenting).**

Mistakes happen in the electronic world, just as they happen in the paper world. But regardless of which method is or has been utilized, the duty to verify the filing of any document remains with the filing party. The majority has found an equitable way to circumvent the electronic document management system (EDMS) rules, shifting the responsibility of ensuring a proper filing from the user to the system. Simply put, that approach overlooks the responsibility of the person using the EDMS system to verify any filing. It would not be excused in the paper world and should not be in the electronic world. *See Concerned Citizens of Se Polk Cty. Sch. Dist. v. City Dev. Bd.*, ___ N.W.2d ___, 2015 WL 8526410, at *2 (Iowa 2015) ("Generally, the electronic filing rules sought to continue the court practices that governed paper filing, not to change them."). Because I conclude the district court correctly determined Ewing failed to comply with the filing rules, I respectfully dissent.

Ewing was served with a thirty-day demand letter, pursuant to Iowa Code section 573.16 (2013), on March 31, 2014. In order to be timely filed, the petition needed to be filed no later than midnight on April 30. On that day just before 4:30 p.m., counsel for Ewing[3] attempted to file a petition through the EDMS system. While the system appeared to accept the payment, counsel for Ewing claims a technical problem with the filing system resulted in the petition not being

---

[3] The record in this appeal is severely lacking. The original filing attorney representing Ewing withdrew from representation a few months after the petition was filed. We are thus relying on subsequent counsel's statements as to what occurred when the filing counsel filed the petition, without any affidavit or testimony from the filing attorney.

filed.[4]  The system was supposedly restored within three hours, but counsel did not verify the status of the submitted documents, despite the fact that no notice of electronic filing had been sent to him via email.  Eight days later, he was notified that the payment submitted on April 30 was being refunded to him.  On May 9, 2014, the petition was filed—nine days after the initial attempt.

On July 15, 2014, Ewing's subsequent counsel filed an "Application to reset filing day for petition," alerting the court to the alleged technical failure of the system and requesting a hearing.  The defendants resisted the application, and the matter proceeded to a hearing in September.[5]  The court issued its decision, denying the application on September 23, 2014, concluding the electronic rules did not permit the deadline to be extended.

---

[4] Contained within the appendix on appeal is an unsigned, undated affidavit supposedly from the former Director of Information Systems & Technology for the Judicial Branch. In addition to being unsigned and undated, the document also does not bear a file stamp from the district court and is not part of the district court record.  *See* Iowa R. App. P. 6.801 ("Only the original papers and exhibits filed in the district court, the transcript of proceedings, if any, and a certified copy of the docket and court calendar entries prepared by the clerk of the district court in the case from which the appeal is taken shall constitute the record on appeal.").

[5] A document entitled "Submission of Statement of Facts Admitted and To Be Included in Order" appears in the appendix on appeal, but the document bears no file stamp and is not contained within the electronic court record.  *See* Iowa R. App. P. 6.801.  However, the defendants' response to this document is file stamped on September 24 (one day after the court issued its decision denying the application to reset the filing date) and includes this footnote:

> When a document is successfully filed, the filer receives three emails from the EDMS system: (1) an email that the document was received; (2) an email that the document was accepted; and (3) an email with a notice the document has been filed with a link to the EDMS website where a filed-stamped copy of the document can be obtained.  The Plaintiff has not provided the court with copies of any such emails, which suggests either that Plaintiff never received any of them or that it never received any of them prior to May 9.

Counsel for Ewing has not addressed any of the defendants' assertions as to the process.

The interim rules pertaining to electronic filing state that in order to file a document with the court, the document must be transmitted to EDMS and a notice of electronic filing will be produced and transmitted by the system. *See* Iowa Ct. R. 16.307(2) ("The electronic transmission of a document to the electronic document management system consistent with the procedures specified in these rules, together with the production and transmission of a notice of electronic filing constitutes filing of the document."). All filed documents receive an electronic file stamp, and documents are not officially filed unless they have the electronic file stamp. *See* Iowa Ct. R. 16.308 ("Each electronically filed document shall receive an electronic file stamp consistent with the notice of electronic filing. The file stamp shall merge with the electronic document and be visible when the document is printed and viewed on-line. *Electronic documents are not officially filed without the electronic filing stamp*. Filings so endorsed shall have the same force and effect as documents time stamped in a nonelectronic manner." (emphasis added)).

The rules go on to provide a document is timely filed if it is filed before midnight on the date the filing is due and a technical failure of the system will not excuse a failure to comply with a jurisdictional deadline. *See* Iowa Ct. R. 16.311(1)(b), (2)(a); *see also* Iowa Ct. R. 16.311(1)(d) ("As the electronic document management system may not always be available due to system maintenance or technical difficulties, filers should not wait until the last moment to file documents electronically."); *Concerned Citizens*, 2015 WL 8526410, at *1 (dismissing an appeal for failing to comply with the jurisdictional thirty-day appeal

deadline). For nonjursidictional deadlines, a filing will not be considered untimely if the filer could not meet the deadline due a technical failure and the document was filed "using the soonest available electronic or nonelectronic means." *See* Iowa Ct. R. 16.311(2)(b).

In this case, the thirty-day statute of limitations in Iowa Code section 573.16 is not a jurisdictional deadline. *See Nw. Limestone Co. v. State Dep't of Transp.*, 499 N.W.2d 8, 11 (Iowa 1993) (noting section 573.16 is a "special statute of limitations"); *Neylan v. Moser*, 400 N.W.2d 538, 541 (Iowa 1987) ("[T]he running of a statute of limitations . . . does not deprive the court of jurisdiction."); *see also Schrier v. State*, 573 N.W.2d 242, 244–45 (Iowa 1997) (noting a failure to file a postconviction-relief action within the time prescribed by statute did not deprive the court of subject matter jurisdiction, instead implicating the court's authority to hear the particular case which was waivable). Because the statute of limitations was not a jurisdictional deadline, in order for Ewing's petition to be considered timely, there had to be a technical failure of the system that prevented the filing and the document needed to be filed "using the soonest available electronic or nonelectronic means." *See* Iowa Ct. R. 16.311(2)(b).

While there is no proof in the record of EDMS being "down" for a period of time on April 30, the district court accepted that proposition for purposes of Ewing's application, as does the majority. However, no affidavit of Ewing's attorney who supposedly encountered this malfunction is part of our record. Even if this court accepts that unsubstantiated assertion by subsequent counsel to be true, it still does not excuse the filing counsel's failure to comply with the

filing deadline because the system was supposedly restored approximately three hours after it malfunctioned. Thus, the system was able to accept filings for approximately five hours before the statute of limitations deadline. There is nothing in this record which informs this court whether the system notified registered filers of the problem with the system or whether notice was posted on the court's website as stated in rule 16.311(3)(b)—"When the electronic document management system is unexpectedly unable to accept filings continuously or intermittently for more than one hour, registered filers will be notified of the problem by email or by the posting of a notice of the problem on the court's website." Nonetheless, after receiving a "payment pending" notification, counsel failed to verify the actual filing of the petition. Had he done so, he could have refiled the petition "using the soonest available electronic or nonelectronic means." Iowa Ct. R. 16.311(2)(b). Instead, subsequent counsel claims the filing counsel was only made aware of the problem when his filing fee was refunded eight days later.

While I sympathize with counsel's plight if the asserted facts are true, it was filing counsel's responsibility to make certain the petition had been filed, either by having received a notice of electronic filing or by checking the EDMS website to verify the petition contained an electronic file stamp. Counsel's failure to ensure the document was properly filed would not be an excuse in the paper world, nor should it be in the electronic world. *See Langell v. Carroll County*, No. 00-1669, 2002 WL 1973142, at *3 (Iowa Ct. App. Aug. 28, 2002) (dismissing a judicial review petition where a party appeared to have mailed the petition to the

clerk of court sufficiently in advance of the filing deadline but the petition was not file stamped until after the thirty-day deadline had passed).

Because I conclude filing counsel failed to comply with the electronic filing rules, I would affirm the district court's dismissal of Ewing's claim under chapter 573.